TAYLOR, Admr.,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 93–03951.

Decided Sept. 21, 1995.

*Spangenberg, Shibley, Traci, Lancione & Liber* and *John D. Liber*, for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Catherine M. Cola,* Assistant Attorney General, for defendant.

---

## JOURNAL ENTRY APPROVING SETTLEMENT

FRED SHOEMAKER, Judge.

This matter came before the court for a trial, and on May 15, 1995, the court rendered judgment on behalf of the plaintiff in the amount of $1,299,719.35. The court, being fully advised as to the premises, approves and confirms the Settlement Agreement, filed in this court on September 20, 1995 and attached to this entry, and orders that the judgment entry of May 15, 1995 be vacated and that the cause be dismissed with prejudice to all parties, all court costs to be paid by the defendant. No interest shall be paid on the amount of the settlement.

It is further ordered that the settlement warrant in the amount of $850,000 be drawn on the account of the Ohio Department of Rehabilitation and Correction and be sent to the plaintiff, Kevin M. Taylor, Administrator of the Estate of Beverly Jo Taylor, c/o John D. Liber, Spangenberg, Shibley, Shibley, Traci, Lancione & Liber.

*Judgment accordingly.*

### SETTLEMENT AGREEMENT

(1) This agreement is made between Kevin M. Taylor, as Administrator of the Estate of Beverly Jo Taylor, deceased, hereinafter the plaintiff, and the Ohio Department of Rehabilitation and Correction, hereinafter the defendant.

(2) The plaintiff has asserted a claim against the defendant in an action now pending in the Court of Claims, entitled *Kevin M. Taylor, Admr., v. Ohio Department of Rehabilitation and Correction,* and identified as Ohio Court of Claims Case No. 93–03951.

(3) This agreement is made as a compromise between the parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described above.

(4) It is understood by the plaintiff and the defendant that the facts upon which this agreement is made may hereafter prove to be other than or different from the facts now known by either of them or believed by either of them to be

true. Each of the parties hereto expressly accepts and assumes the risk of the facts proving to be so different, and each of the parties hereto agree that all the terms of this agreement shall be in all respects effective and not subject to termination or rescission by reason of any such difference in facts.

(5) The parties agree that the terms of this compromise and settlement agreement bind the parties hereto, and their assigns and successors in interest.

(6) The plaintiff understands that this settlement is a compromise of disputed claims and that payment thereof is not to be construed as an admission of liability on the part of the defendant. The defendant denies any and all liability to plaintiff.

(7) This Settlement Agreement contains the entire agreement between the parties with regard to the matters set forth herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto, between the parties except as expressly set forth herein.

(8) In consideration of the mutual covenants set forth herein, the parties agree as follows:

(A) The defendant agrees to pay the plaintiff, Kevin M. Taylor, Administrator of the Estate of Beverly Joe Taylor, the sum of Eight Hundred Fifty Thousand Dollars and No/100 Dollars ($850,000.00). No interest on this amount shall be paid. No representation is made by the defendant as to the tax consequences of payment of the amount specified in this paragraph.

(B) The plaintiff agrees that all claims, demands, rights, causes of action, costs, loss of services, expenses, and any and all other damages on account of, or in any way arising out of the actions or inactions of defendant, its officers, employees, servants, or agents, during or arising out of the incident described in the complaint in Court of Claims Case No. 93–03951 be released, settled, satisfied, discharged and compensated.

(9) The plaintiff agrees to be bound by a journal entry dismissing with prejudice the above described claim known as Ohio Court of Claims Case No. 93–03951 and the attached release of all claims. Defendant will pay court costs.

(10) The agreed settlement was presented to the Probate Court of Scioto County, Case No. 61067 at a settlement hearing on 8/22/95, at which time the Probate Court, pursuant to the statute, duly approved the settlement on behalf of the Estate of Beverly Jo Taylor and ordered Kevin M. Taylor, Administrator of the Estate of Beverly Jo Taylor, to execute the Release of All Claims and receive the settlement proceeds. A certified copy of said Journal Entry of Approval from the Probate Court is attached hereto.

If said Probate Court shall fail or refuse to approve the agreement, it shall become null and void without any force or effect, and none of the parties shall be bound by it.

(11) The parties hereto acknowledge and agree that this agreement shall not be binding on any of the parties until it has been duly presented to the Ohio Attorney General, as required by Section 2743.15(A), Ohio Revised Code, and Rule 7(A) of the Rules of the Court of Claims, for the Attorney General's approval, and the Ohio Attorney General has approved the agreement. The parties further acknowledge that the signature of the Assistant Attorney General on this settlement is on behalf of defendant and is not to be construed as the approval of the Attorney General. If the Attorney General shall fail or refuse to approve the settlement, this agreement shall be null and void and without any force or effect, and none of the parties shall be bound thereby.

(12) The parties hereto acknowledge and agree that this agreement shall not be binding on any of the parties until it has been duly presented to the Ohio Court of Claims as required by Section 2743.15(A), Ohio Revised Code, and Rules 7(A) and (B) of the Rules of the Court of Claims, for the court's approval, and the court has approved the agreement. If the court shall fail or refuse to approve the agreement, this agreement shall be null and void and without any force or effect, and none of the parties shall be bound thereby.

(13) All parties to this settlement agreement acknowledge they have been and are represented by independent counsel, and have consulted fully with counsel concerning the advisability of entering into this settlement agreement. All parties and their counsel have had an adequate opportunity to make whatever investigation or inquiries deemed necessary or desirable in connection with the subject matter of this settlement agreement.

(14) The undersigned state and represent they have never filed bankruptcy and no bankruptcy action is presently pending in which they are the one seeking bankruptcy. The undersigned acknowledge that the defendant is entering into this agreement in reliance upon this warranty by the undersigned. The undersigned hereby agrees to save, defend and hold harmless the defendant from any and all claims, damages of whatever nature, in the event the undersigned is in fact, a party to bankruptcy proceedings at such a time to affect the rights of any of the discharged parties under this release.

(15) The undersigned have read this Settlement Agreement, understand all its terms, if signing on behalf of a principal, have authority to sign settlement documents on its behalf, and have executed this Settlement Agreement voluntarily.

/Dated/ August 22, 1995      /s/ *Kevin M. Taylor*
Kevin M. Taylor,
Administrator of the Estate
of Beverly Jo Taylor

/Dated/ August 22, 1995      /s/ *John D. Liber*
Counsel for plaintiff

/Dated/ August 28, 1995      /s/ *Reginald Wilkinson*
Ohio Department of
Rehabilitation & Correction

/Dated/ September 15, 1995      /s/ *Catherine M. Cola*
Assistant Attorney General
Counsel for defendant

## RELEASE OF ALL CLAIMS

Pursuant to the authority of the Common Pleas Court of Scioto County, Ohio, Probate Division, Case No. 61067, the undersigned, Kevin M. Taylor, Administrator of the Estate of Beverly Jo Taylor, in consideration of the sum of Eight Hundred Fifty Thousand and No/100 Dollars ($850,000.00), to be paid pursuant to Section 2743.19(D), Revised Code, and in settlement of Ohio Court of Claims Case No. 93–03951 entitled *Kevin M. Taylor, Admr., v. Ohio Department of Rehabilitation and Correction,* voluntarily and knowingly executes this Release with the express intention of effecting the extinguishment of obligations herein designated.

The plaintiff, Kevin M. Taylor, Administrator of the Estate of Beverly Jo Taylor, does hereby release, hold harmless from any liability, and forever discharge the state of Ohio and Department of Rehabilitation and Correction, their agents, servants, employees and officers, personally and in any other capacity, from any and all services, expenses, and any and all other damages of every name and nature known or unknown, or in any way growing out of any and all wrongful death claims and/or survivorship claims pertaining to the death of Beverly Jo Taylor, including any and all personal injuries and emotional injuries which are or may be permanent in nature and any consequences thereof including but not limited to all causes of action preserved by the wrongful death statute, and any loss of services and consortium, any injuries which may exist but at this time are unknown or unanticipated and which may develop at some time in the future, all unforeseen developments arising from known injuries, and any and all claims including but not limited to those arising out of any and all personal injuries, mental and emotional injuries, pain and suffering, loss of income and earning capacity, damages, medical expenses and any other loss or damage whatsoever which the undersigned ever had, now has, or may have, or claim to have, against the state of Ohio, or Department of Rehabilitation and Correction, or their agents, servants, employees or officers, on account of or in any way

arising out of the incident stated in the complaint filed in Ohio Court of Claims Case No. 93–03951.

This Release and the Settlement Agreement constitute the entire agreement between the parties hereto, and the terms of this Release are contractual and not a mere recital.

IN WITNESS WHEREOF, I have hereunto set my hand this <u>22</u> day of <u>August</u> 1995.

> /s/ <u>Kevin M. Taylor</u>
> Administrator of the
> Estate of Beverly Jo
> Taylor

Sworn to and subscribed in my presence this <u>23</u> day of <u>August</u> 1995.

> /s/ <u>John D. Liber</u>
> Notary Public

### *ATTORNEY GENERAL'S APPROVAL OF SETTLEMENT*

The Attorney General of Ohio pursuant to Section 2743.15(A), Revised Code, has reviewed the Settlement Agreement in the above-captioned action and hereby approves it this <u>19th</u> day of September 1995.

> Respectfully submitted,
> BETTY D. MONTGOMERY
> Attorney General
> of Ohio
> /s/ <u>Mary Lynn Readey</u>
> Chief Assistant
> Attorney General